UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.;
YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG

|  |  |
|---|---|
| Plaintiffs' | Complaint |
|  | Jury Trial Demand |

-against-

THE CITY OF NEW YORK; WILLIAM J. BRATTON, as Police
Commissioner; JOSEPH J. REZNICK, as Deputy Commissioner,
Internal Affairs Bureau; DIANA L. PIZZUTI, as Assistant Chief,
Patrol Borough Queens North; THOMAS CONFORTI, as former
Commanding Officer, 109 Precinct; WILLIAM J. SEEGER, as
Lieutenant, Internal Affairs Bureau Group No.: 26 and CHARLES
STRAVALLE, as Beverage Control Officer, New York State
Liquor Authority

Defendants'
--------------------------------------------------------------------------------X

Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE

HUA WENG; HOME RUN KTV, INC. and WANG ZHENG by their attorney, The Sanders

Firm, P.C., for their complaint against defendants' THE CITY OF NEW YORK; WILLIAM J.

BRATTON; JOSEPH J. REZNICK; DIANA L. PIZZUTI; THOMAS CONFORTI;

WILLIAM J. SEEGER and CHARLES STRAVALLE, allege that:

## **INTRODUCTION**

1.      Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.;

YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG, allege since Late 2014,

defendants' THE CITY OF NEW YORK; WILLIAM J. BRATTON; JOSEPH J. REZNICK;

DIANA L. PIZZUTI; THOMAS CONFORTI; WILLIAM J. SEEGER and CHARLES

STRAVALLE are using selective enforcement actions to intimidate them into not cooperating

with the Karaoke Bar Protection Scandal.

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

      a.    the Civil Rights Act of 1866, 42 U.S.C. § 1981, providing for the protection of all person's right to make and enforce contracts under the color of State Law;

      b.    the Civil Rights Act of 1871, 42 U.S.C. § 1983, provides for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law; and

      c.    the Civil Rights of 1871, 42 U.S.C. § 1985 (2) and (3), providing for the protection against conspiracies to interfere with civil rights. The unlawful selective enforcement actions to intimidate them into not cooperating with the Karaoke Bar Protection Scandal complained of herein were committed within the Northern, Eastern and Southern Districts of New York.

## PLAINTIFFS'

3.      Plaintiff 360 LOUNGE, LLC is a domestic limited liability corporation legally operating under the laws of the State of New York, and at all relevant times operated as an entertainment business 133-47 37th Avenue, Flushing N.Y. 11354.

4.      Plaintiff HEI YIN YU is the principal owner of plaintiff 360 LOUNGE, LLC.

5.      Plaintiff FORBIDDEN CITY NY, INC. is a domestic business corporation

legally operating under the laws of the State of New York, and at all relevant times operated

as an entertainment business within 131-01 Fowler Avenue, 3rd floor, Flushing N.Y. 11355.

6.      Plaintiff YUE HUA WENG is the principal owner of plaintiff FORBIDDEN

CITY NY, INC.

7.      Plaintiff HOME RUN KTV, INC. is a domestic business corporation legally

operating under the laws of the State of New York, and at all relevant times operated as an

entertainment business within 46-07 Kissena Boulevard, Flushing N.Y. 11355.

8.      Plaintiff WANG ZHENG is the principal owner of plaintiff HOME RUN

KTV, INC.

## DEFENDANTS'

9.      Defendant THE CITY OF NEW YORK is a municipal corporation organized

under the laws of the State of New York.

10.      Defendant WILLIAM J. BRATTON, as Police Commissioner.

11.      Defendant JOSEPH J. REZNICK, as Deputy Commissioner, Internal Affairs

Bureau.

12.      Defendant DIANA L. PIZZUTI, as Assistant Chief, Patrol Borough Queens

North.

13.      Defendant THOMAS CONFORTI, as former Commanding Officer, 109

Precinct.

14.      Defendant WILLIAM J. SEEGER, as Lieutenant, Internal Affairs Bureau

Group No.: 26.

15.      Defendant CHARLES STRAVALLE, as Beverage Control Officer, New York

State Liquor Authority.

## PROCEDURAL REQUIREMENTS

16.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG have filed suit with this Court within the applicable statute of limitations period.

17.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG are not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1866 or 1871.

## BACKGROUND

18.     Plaintiffs' 360 LOUNGE, LLC and HEI YIN YU alleges that is or around October 11, 2011, they established an entertainment business within 133-47 37th Avenue Flushing, N.Y. 11354.

19.     Plaintiffs' FORBIDDEN CITY NY, INC. and YUE HUA WENG allege that in or around September 22, 2014, they established an entertainment business within 131-01 Fowler Avenue, 3rd floor, Flushing, N.Y. 11355.

20.     Plaintiffs' HOME RUN KTV, INC. and WANG ZHENG allege that in or around October 1, 2013, they established an entertainment business within 46-07 Kissena Boulevard, Flushing, N.Y. 11355.

21.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG allege that their entertainment businesses are located in Flushing, Queens, N.Y., an area heavily populated with members of the Asian community.

22.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.;

4

YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG allege that since opening, they have maintained a liquor license without incident, which they lawfully obtained from the New York State Liquor Authority.

23.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG allege that defendant THOMAS CONFORTI was the commanding of the 109th Precinct and reported directly to defendant DIANA L. PIZZUTI.

24.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG allege that on or about December 8, 2015, defendant THOMAS CONFORTI'S subordinates' Lieutenant Robert Sung and Detective Yatyu Yam, were arrested and charged with accepting bribes from several karaoke club owners in exchange for notifying them about scheduled police raids.

25.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG allege the Integrity Bureau of the District Attorney, County of Queens is prosecuting the arrests.

26.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG allege defendant WILLIAM J. SEEGER processed the arrests.

27.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG alleges defendant WILLIAM J. BRATTON unhappy about the Karaoke Bar Protection Scandal impact upon his legacy, engaged in a concerted effort to intimidate witnesses into not cooperating with the criminal investigation of police officers.

28.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG alleges defendant WILLIAM J. BRATTON have a history of using the NYPD Internal Affairs Bureau and other federal, state and local government agencies to intimidate witnesses into not cooperating with criminal investigations of police officers.

29.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG alleges defendant WILLIAM J. BRATTON engaged in similar tactics during the 'Dirty 30' Scandal from 1992 through 1995, where thirty-three (33) officers' were arrested for committing financial crimes such as burglaries, stealing drug monies etc., against Dominicans' and other persons of color in Upper Manhattan.

30.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG alleges traditionally, persons of color and disenfranchised Caucasians are the victims of police corruption.

31.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG alleges the two-year Karaoke Bar Protection Scandal focuses upon approximately twenty-three (23) other NYPD officers includes two (2) captains, three (3) lieutenants, three (3) sergeants and three (3) detectives. Thus far, NO INDICTMENTS.

32.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG alleges prior to the December 8, 2015, arrests, upon information and belief, defendant WILLIAM J. BRATTON met with defendants' JOSEPH J. REZNICK; DIANA L. PIZZUTI and THOMAS

CONFORTI and directed them to 'handle' the Karaoke Bar Protection Scandal.

33.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.;
YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG alleges upon information
and belief, defendants' WILLIAM J. BRATTON and JOSEPH J. REZNICK knowingly
shared sensitive confidential information with defendants' DIANA L. PIZZUTI and
THOMAS CONFORTI when the Karaoke Bar Protection Scandal occurred under their direct
command.

34.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.;
YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG alleges it's unclear if
defendants' DIANA L. PIZZUTI and THOMAS CONFORTI had indirect or direct
knowledge of the police corruption or received 'benefits' from other establishments in the
Karaoke Bar Protection Scandal.

35.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.;
YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG alleges in Late 2014,
defendant CHARLES STRAVALLE a friend and former colleague of defendant THOMAS
CONFORTI, along with defendants' WILLIAM J. BRATTON; JOSEPH J. REZNICK;
DIANA L. PIZZUTI; THOMAS CONFORTI and WILLIAM J. SEEGER began selective
enforcement actions throughout the Asian community to intimidate them into not cooperating
with the Karaoke Bar Protection Scandal.

36.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.;
YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG alleges defendants'
THOMAS CONFORTI and CHARLES STRAVALLE had the unfettered support of
defendants' WILLIAM J. BRATTON; JOSEPH J. REZNICK and DIANA L. PIZZUTI.

37.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG alleges defendant WILLIAM J. SEEGER knew defendants' WILLIAM J. BRATTON and JOSEPH J. REZNICK'S actions were wrong but, never reported their misconduct to the New York City Department of Investigation.

38.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG allege that since opening, they have maintained a valid Temporary Certificate of Occupancy or Final Certificate of Occupancy from the New York City Department of Buildings, which allows permissible use and occupancy.

39.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG allege that they have operated an entertainment business in accordance with the Temporary Certificate of Occupancy or Final Certificate of Occupancy.

40.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG allege that members of the Asian community began entering into business relationships with them to provide entertainment services including the rental of the venue, security, and the sale of alcohol inside their establishments.

41.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG allege that at the conclusion of events, the business relationships ended without incident.

42.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.;

YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG allege that sometime in Late 2014, they noticed a significant increase in business volume from members of the Asian community looking to enter into similar business relationships with them.

43.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG allege that since Late 2014, to this day, they noticed a significant increase in selective enforcement actions from defendants' THOMAS CONFORTI; WILLIAM J. SEEGER and CHARLES STRAVALLE through the 109th Precinct, New York State Liquor Authority, other federal, state and local government agencies.

44.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG allege that defendants' THOMAS CONFORTI; WILLIAM J. SEEGER and CHARLES STRAVALLE were only interested in obtaining witnesses and other information related to the Karaoke Bar Protection Scandal.

45.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG allege that defendants' THOMAS CONFORTI; WILLIAM J. SEEGER and CHARLES STRAVALLE began to increase their presence in front of their businesses.

46.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG allege that defendants' THOMAS CONFORTI; WILLIAM J. SEEGER and CHARLES STRAVALLE then ordered police officers and other government employees or agents thereof to engage in aggressive policing tactics.

47.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG allege defendants' THOMAS CONFORTI; WILLIAM J. SEEGER and CHARLES STRAVALLE on numerous occasions' ordered police officers and other government employees or agents thereof to enter their businesses under the guise of a "Business Inspection."

48.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG allege defendants' THOMAS CONFORTI; WILLIAM J. SEEGER and CHARLES STRAVALLE on numerous occasions' ordered police officers and other government employees or agents thereof to enter their businesses and search throughout the establishment although there were no violations.

49.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG allege that defendants' THOMAS CONFORTI; WILLIAM J. SEEGER and CHARLES STRAVALLE on numerous occasions' ordered police officers and other government employees or agents thereof to enter their businesses, once inside would remain inside for hours on end.

50.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG allege defendants' THOMAS CONFORTI; WILLIAM J. SEEGER and CHARLES STRAVALLE on numerous occasions' ordered police officers and other government employees or agents' to enter their premises causing patrons to leave.

51.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG allege that defendants' THOMAS CONFORTI; WILLIAM J. SEEGER and CHARLES STRAVALLE engaged in

such behavior to dissuade their businesses from entering into business relationships with members of the Asian community.

52.    Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG allege that defendants' THOMAS CONFORTI; WILLIAM J. SEEGER and CHARLES STRAVALLE then began to increase aggressive policing tactics in and around their establishments.

53.    Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG allege that defendants' THOMAS CONFORTI and WILLIAM J. SEEGER ordered uniformed and plainclothes officers to stop and frisk Asian patrons inside of their establishments without any legal basis.

54.    Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG allege that defendants' THOMAS CONFORTI and WILLIAM J. SEEGER ordered uniformed and plainclothes officers to arrest Asian patrons inside of their establishments without any legal basis.

55.    Plaintiffs' HOME RUN KTV, INC. and WANG ZHENG allege that on or about April 4, 2015, defendants' THE CITY OF NEW YORK; WILLIAM J. BRATTON; JOSEPH J. REZNICK; DIANA L. PIZZUTI; THOMAS CONFORTI; WILLIAM J. SEEGER and CHARLES STRAVALLE claimed their business establishment was the site of three (3) ketamine "buys" using a "Confidential Informant."

56.    Plaintiffs' HOME RUN KTV, INC. and WANG ZHENG allege that on or about April 10, 2015, defendants' THE CITY OF NEW YORK; WILLIAM J. BRATTON; JOSEPH J. REZNICK; DIANA L. PIZZUTI; THOMAS CONFORTI; WILLIAM J. SEEGER and CHARLES STRAVALLE claimed their business establishment was the site of a quantity

of ketamine "buys" using a "Confidential Informant."

57.     Plaintiffs' HOME RUN KTV, INC. and WANG ZHENG allege that on or about April 23, 2015, defendants' THE CITY OF NEW YORK; WILLIAM J. BRATTON; JOSEPH J. REZNICK; DIANA L. PIZZUTI; THOMAS CONFORTI; WILLIAM J. SEEGER and CHARLES STRAVALLE claimed their business establishment was the site of three (3) ketamine "buys" using a "Confidential Informant" resulting in the arrest of eighteen (18) members of the Asian community.

58.     Plaintiffs' HOME RUN KTV, INC. and WANG ZHENG allege that on or about April 30, 2015, defendants' THE CITY OF NEW YORK and WILLIAM J. BRATTON filed a petition in the Supreme Court of the State of New York, County of Queens seeking to have their business establishment declared a public nuisance under Nuisance Abatement Law without a legal basis.

59.     Plaintiffs' HOME RUN KTV, INC. and WANG ZHENG allege that on or about May 1, 2015, defendants' THE CITY OF NEW YORK and WILLIAM J. BRATTON filed a petition in the New York State Liquor Authority seeking to have their alcohol beverage license suspended, cancelled or revoked.

60.     Plaintiffs' 360 LOUNGE, LLC and HEI YIN YU alleges on or about December 31, 2015, they closed the business while awaiting the renewal of its liquor license.

61.     Plaintiffs' 360 LOUNGE, LLC and HEI YIN YU alleges on or about January 15, 2016, members of the NYPD were recorded on their video surveillance system illegally entering the closed business through an emergency entrance in the basement, then heading up to the second floor where they searched the premises.

62.     Plaintiffs' 360 LOUNGE, LLC and HEI YIN YU alleges on or about January

16, 2016 through their counsel sent a complaint letter to defendant THOMAS CONFORTI about the illegal search of the business.

63.     Plaintiffs' 360 LOUNGE, LLC and HEI YIN YU alleges on or about January 20, 2016, defendants' THE CITY OF NEW YORK and WILLIAM J. BRATTON responded through the NYPD Legal Bureau claiming the NYPD, State Liquor Authority, New York City Health Department and New York State Workman's Compensation Board received 'consent' to search the premise from the manager of Yu Sushi.

64.     Plaintiffs' FORBIDDEN CITY NY, INC. and YUE HUA WENG alleges on or about January 8, 2016, defendants' THOMAS CONFORTI; WILLIAM J. SEEGER and CHARLES STRAVALLE entered the premise under the guise of a "Business Inspection" but, they were really after information about the Karaoke Bar Protection Scandal.

65.     Plaintiffs' FORBIDDEN CITY NY, INC. and YUE HUA WENG alleges defendants' THOMAS CONFORTI; WILLIAM J. SEEGER and CHARLES STRAVALLE while performing the "Business Inspection" asked employees and patrons about their knowledge about the Karaoke Bar Protection Scandal.

66.     Plaintiffs' FORBIDDEN CITY NY, INC. and YUE HUA WENG alleges defendants' THOMAS CONFORTI; WILLIAM J. SEEGER and CHARLES STRAVALLE then arrested an employee for maintaining "improper business records."

67.     Plaintiffs' HOME RUN KTV, INC. and WANG ZHENG alleges on or about January 9, 2016, defendants' THOMAS CONFORTI; WILLIAM J. SEEGER and CHARLES STRAVALLE entered the premise under the guise of a "Business Inspection" but, they were really after information about the Karaoke Bar Protection Scandal.

68.     Plaintiffs' HOME RUN KTV, INC. and WANG ZHENG alleges defendants'

13

THOMAS CONFORTI; WILLIAM J. SEEGER and CHARLES STRAVALLE while performing the "Business Inspection" asked employees and patrons about their knowledge about the Karaoke Bar Protection Scandal.

69.     Plaintiffs' HOME RUN KTV, INC. and WANG ZHENG alleges defendants' THOMAS CONFORTI; WILLIAM J. SEEGER and CHARLES STRAVALLE after arresting several patrons, they were able to 'convince' one arrestee to cooperate and he exchanged cellular telephone numbers with defendant WILLIAM J. SEEGER.

70.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG alleges on or about January 12, 2016, apparently defendant WILLIAM J. SEEGER accidentally dialed the patron from HOME RUN KTV, INC. and was recorded speaking to another member of the Internal Affairs Bureau.

71.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG are in possession of the cellular telephone recording where defendant WILLIAM J. SEEGER acknowledged defendant THOMAS CONFORTI has a 'hit list' and defendant DIANA L. PIZZUTI is corrupt.

72.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG shared this recording with the arrestees. The arrestees then in turn, through their defense counsel, brought the recording to the Integrity Bureau of the District Attorney, County of Queens.

73.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG alleges during one or

14

more raids, defendants' THOMAS CONFORTI; WILLIAM J. SEEGER and CHARLES STRAVALLE illegally seized video evidence from the premises that would have supported their legal claims.

74.    Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG alleges based upon the cellular telephone recording of defendant WILLIAM J. SEEGER, the illegal seizure of video evidence and the highly questionable selective enforcement activities of defendants' THE CITY OF NEW YORK; WILLIAM J. BRATTON; JOSEPH J. REZNICK; DIANA L. PIZZUTI; THOMAS CONFORTI; WILLIAM J. SEEGER and CHARLES STRAVALLE most of the arrests at their establishments' were either dismissed or pled down.

75.    Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG allege that since Late 2014, defendants' THE CITY OF NEW YORK; WILLIAM J. BRATTON; JOSEPH J. REZNICK; DIANA L. PIZZUTI; THOMAS CONFORTI; WILLIAM J. SEEGER and CHARLES STRAVALLE'S selective enforcement and intimidation actions are designed to cause them irreparable harm and designed to intimidate the Asian community into not cooperating with the investigation of the Karaoke Bar Protection Scandal.

76.    Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG allege that since Late 2014, defendants' THE CITY OF NEW YORK; WILLIAM J. BRATTON; JOSEPH J. REZNICK; DIANA L. PIZZUTI; THOMAS CONFORTI; WILLIAM J. SEEGER and CHARLES STRAVALLE'S selective enforcement and intimidation actions have caused members of the Asian community to refrain from patronizing their establishments.

77.    Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG allege that since Late 2014, defendants' THE CITY OF NEW YORK; WILLIAM J. BRATTON; JOSEPH J. REZNICK; DIANA L. PIZZUTI; THOMAS CONFORTI; WILLIAM J. SEEGER and CHARLES STRAVALLE'S selective enforcement and intimidation actions have caused them to sustain considerable economic damages.

78.    Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG allege that since Late 2014, defendants' THE CITY OF NEW YORK; WILLIAM J. BRATTON; JOSEPH J. REZNICK; DIANA L. PIZZUTI; THOMAS CONFORTI; WILLIAM J. SEEGER and CHARLES STRAVALLE'S selective enforcement and intimidation actions have caused them to expend significant legal costs.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### RACE DISCRIMINATION
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

79.    Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG re-alleges Paragraphs 1 through 78 and incorporates them by reference as Paragraphs 1 through 78 of Count I of this Complaint.

80.    Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG alleges the selective enforcement and intimidation actions of defendants' WILLIAM J. BRATTON; JOSEPH J.

REZNICK; DIANA L. PIZZUTI; THOMAS CONFORTI; WILLIAM J. SEEGER and CHARLES STRAVALLE and their agents interfered with their rights to enforce contracts under the color of state law because of their race.

81.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG alleges the purpose of defendants' WILLIAM J. BRATTON; JOSEPH J. REZNICK; DIANA L. PIZZUTI; THOMAS CONFORTI; WILLIAM J. SEEGER and CHARLES STRAVALLE and their agents in so acting was to prevent them through economic and psychological intimidation, from seeking the equal protection of the laws.

82.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG alleges pursuant to their conduct, defendants' WILLIAM J. BRATTON; JOSEPH J. REZNICK; DIANA L. PIZZUTI; THOMAS CONFORTI; WILLIAM J. SEEGER and CHARLES STRAVALLE and their agents acted to deprive them of their civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threats.

83.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG alleges that as a result of the aforesaid acts, depriving them of their civil rights, they suffered mental anguish, loss of income.

**COUNT II**
**EQUAL PROTECTION – SELECTIVE ENFORCEMENT**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

84.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.;

YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG re-allege Paragraphs 1 through 83 and incorporate them by reference as Paragraphs 1 through 83 of Count II of this Complaint.

85.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG allege that defendants' WILLIAM J. BRATTON; JOSEPH J. REZNICK; DIANA L. PIZZUTI; THOMAS CONFORTI; WILLIAM J. SEEGER and CHARLES STRAVALLE under color of law personally interfered with and deprived them of their constitutional rights, including the rights to be free from deprivation of life, liberty, and property.

86.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG allege that defendants' WILLIAM J. BRATTON; JOSEPH J. REZNICK; DIANA L. PIZZUTI; THOMAS CONFORTI; WILLIAM J. SEEGER and CHARLES STRAVALLE in acting to deprive them of their constitutional rights, acted intentionally, knowingly, willfully, and with gross disregard of their rights.

87.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG allege that defendants' WILLIAM J. BRATTON; JOSEPH J. REZNICK; DIANA L. PIZZUTI; THOMAS CONFORTI; WILLIAM J. SEEGER and CHARLES STRAVALLE acted in an outrageous and systematic pattern of selective enforcement and intimidation, racial discrimination, oppression, bad faith and cover-up, directed at them and continuing from in or around Late 2014.

88.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.;

18

YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG allege that defendants'

WILLIAM J. BRATTON; JOSEPH J. REZNICK; DIANA L. PIZZUTI; THOMAS

CONFORTI; WILLIAM J. SEEGER and CHARLES STRAVALLE under color of law, they

suffered emotional distress, monetary damage, incurred legal expenses, out of pocket

expenses for telephone, postage, and other costs.

**COUNT III**
**MONELL CLAIM**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

89.    Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.;

YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG re-alleges Paragraphs 1

through 88 and incorporates them by reference as Paragraphs 1 through 88 of Count III of this

Complaint.

90.    Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.;

YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG alleges defendant THE

CITY OF NEW YORK caused them injuries.

91.    Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.;

YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG alleges defendant THE

CITY OF NEW YORK'S selective enforcement and intimidation actions were taken under

color of law.

92.    Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.;

YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG alleges defendant THE

CITY OF NEW YORK deprived them of their constitutional and statutory rights.

93.    Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.;

19

YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG alleges defendant THE

CITY OF NEW YORK'S selective enforcement and intimidation actions are causally related

to their injuries.

94.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.;

YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG alleges due to defendant

THE CITY OF NEW YORK'S selective enforcement and intimidation actions they are

damaged.

95.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.;

YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG alleges official policies of

the NYPD, adopted by defendant THE CITY OF NEW YORK were selective enforcement

and intimidation actions designed to intimidate the Asian community into not cooperating

with the investigation of Karaoke Bar Protection Scandal.

### COUNT IV
### CONSPIRACY
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1985

96.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.;

YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG re-alleges Paragraphs 1

through 95 and incorporates them by reference as Paragraphs 1 through 95 of Count IV of this

Complaint.

97.     Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.;

YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG alleges defendants'

WILLIAM J. BRATTON; JOSEPH J. REZNICK; DIANA L. PIZZUTI; THOMAS

CONFORTI; WILLIAM J. SEEGER and CHARLES STRAVALLE and their agents under

color of law, personally interfered with their constitutional rights.

98.    Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.;

YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG alleges defendants'

WILLIAM J. BRATTON; JOSEPH J. REZNICK; DIANA L. PIZZUTI; THOMAS

CONFORTI; WILLIAM J. SEEGER and CHARLES STRAVALLE and their agents under

color of law either acted in a concerted, malicious intentional pattern to further violate their

constitutional rights or knowing such constitutional violations was taking place, knowingly

omitted to protect them.

99.    Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.;

YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG alleges defendants'

WILLIAM J. BRATTON; JOSEPH J. REZNICK; DIANA L. PIZZUTI; THOMAS

CONFORTI; WILLIAM J. SEEGER and CHARLES STRAVALLE and their agents acted in

collusion with one another for their own economic and pecuniary gain.

100.    Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.;

YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG alleges defendants'

WILLIAM J. BRATTON; JOSEPH J. REZNICK; DIANA L. PIZZUTI; THOMAS

CONFORTI; WILLIAM J. SEEGER and CHARLES STRAVALLE and their agents acting in

collusion with one another engaged in selective enforcement and intimidation actions designed

to intimidate the Asian community into not cooperating with the investigation of the Karaoke

Bar Protection Scandal.

101.    Plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY NY INC.;

YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG alleges defendants'

WILLIAM J. BRATTON; JOSEPH J. REZNICK; DIANA L. PIZZUTI; THOMAS

CONFORTI; WILLIAM J. SEEGER and CHARLES STRAVALLE and their agents caused

them to sustain damages to their reputation, financial interests, mental anguish and to incur

significant legal expenses.

## JURY TRIAL

102.    Plaintiffs' FORBIDDEN CITY NY, INC.; YUE HUA WENG; HOME RUN

KTV, INC. and WANG ZHENG demands a trial by jury of all issues in this action that are so

triable.

## PRAYER FOR RELIEF

Wherefore, plaintiffs' 360 LOUNGE, LLC; HEI YIN YU; FORBIDDEN CITY

NY INC.; YUE HUA WENG; HOME RUN KTV, INC. and WANG ZHENG demands

compensatory and punitive damages from defendants' THE CITY OF NEW YORK;

WILLIAM J. BRATTON; JOSEPH J. REZNICK; DIANA L. PIZZUTI; THOMAS

CONFORTI; WILLIAM J. SEEGER and CHARLES STRAVALLE in an amount of $300

million dollars, plus any and all available statutory remedies, both legal and equitable,

interests and costs.

Dated:  August 17, 2016
       New York, NY

Respectfully submitted,

By: _____
      Eric Sanders (ES0224)

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
230 Park Avenue, Suite 1000
New York, NY 10169
(212) 808-6515 (Business Telephone)
(212) 729-3062 (Facsimile)

Website: http://www.thesandersfirmpc.com